POLACK v. RUNKEL et al.

(Supreme Court, Appellate Division, First Department. December 31, 1900.)

1. PLEADING—DEMURRER—MISJOINDER—PARTNERSHIP.

Where a suit was brought against three persons as partners, and one of them as an individual, and one count of the complaint set up a cause of action against the firm, and another against all of the members as individuals, since the first count did not state a cause of action individually against the member who was sued individually, he could demur to it.

2. SAME—JUDGMENT—APPEAL.

The demurrer being overruled, and an interlocutory judgment entered awarding plaintiff the relief demanded unless defendants answer, since the judgment would be one against defendants, constituting a partnership, and also an individual judgment against the defendant sued individually, the latter could appeal from so much of the interlocutory judgment as overruled the demurrer interposed by him individually, and adjudged that plaintiff have judgment against him individually in case he did not answer.

Appeal from special term, New York county.

Action by David Polack against Herman Runkel, individually, impleaded with others. From an interlocutory judgment overruling a demurrer to the complaint, defendant Runkel appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Wm. Victor Goldberg, for appellant.
Adam Rosenberg, for respondent.

INGRAHAM, J. The defendants in this action are Louis and Herman Runkel and Adhemar Fieux, composing the firm of Runkel Bros., and Herman Runkel individually, and the complaint alleges two causes of action: First, to recover the damages sustained by a breach of a contract made between the defendants Herman and Louis Runkel and Fieux, as co-partners; and, second, to recover the value of certain personal property retained by the defendants. The defendants, as co-partners, interposed a demurrer to the complaint on the ground that the causes of action were improperly united, and the defendant Herman Runkel, individually, interposed a demurrer to the first cause of action upon the ground that the allegation constituting the first cause of action did not state facts sufficient to constitute a cause of action. These two demurrers coming on for

67 N.Y.S.—48

trial at special term, the court held that the complaint did not state or attempt to state any cause of action against Herman Runkel individually, and overruled both demurrers, with leave to the defendants to answer.

So far as the first cause of action is concerned, we agree with the court below that no cause of action is stated therein against Herman Runkel individually, but it would seem to follow from this that the demurrer of Herman Runkel individually to the first cause of action should have been sustained. The members of this co-partnership are sued jointly, as composing the firm of Runkel Bros., and Herman Runkel is also separately sued as an individual; a recovery being sought against him in his individual capacity, and as distinct from his liability as a member of the co-partnership of Runkel Bros. He is thus sued in separate capacities,—one as a member of a firm and one as an individual,—and he was entitled to demur to either cause of action alleged in the complaint, if there was alleged therein no cause of action against him individually. It is quite clear that, sued individually, he would not be liable for a firm obligation; and, if it was sought to hold him liable as an individual for a firm obligation, he, as an individual, could demur to the complaint, as the member of the firm sued jointly could demur if it was sought to hold them liable for the individual obligation of one of its members. There is a substantial difference between a judgment entered against a person sued individually and a judgment entered against a person sued as a member of a co-partnership, and the method provided for the enforcement of such a judgment is different; and this defendant, when sued individually, had a right to raise the question either by demurrer or answer as to his individual liability for the obligation alleged. Upon the facts alleged in the first cause of action being proved, the plaintiff would be entitled to a judgment against the members of the co-partnership making the agreement, but would have no right to a judgment against the defendant sued as an individual, as distinct from his obligation as a member of the firm; and we think that the defendant thus sued individually had a right to raise the question as to his individual liability upon the allegations alleged in the first cause of action by demurrer.

The complaint demands judgment against the defendants for $1,250 and costs. That demand would include a judgment against the defendants constituting the co-partnership, and also an individual judgment against the defendant who appeals. The interlocutory judgment from which this appeal is taken adjudged that the plaintiff have judgment for the relief demanded in the amended complaint, unless the defendants answer; and the defendant sued individually appeals from so much of such judgment as overrules the demurrer interposed to the first cause of action by the individual defendant, and adjudges that the plaintiff have judgment for the relief demanded in the complaint against the said defendant individually, in case the defendant does not answer. We think this appeal was proper, and presented the question as to the liability of the appellant individually.

It follows that the judgment appealed from must be reversed and the demurrer sustained, with costs in this court and in the court below, with leave to amend upon payment of such costs.   All concur.